Mr. Justice FIELD
delivered the opinion of the court:
The only question for consideration in this ease relates to the quantity embraced by the grant to the claimant. The District Court confirmed her title to lands lying within certain designated boundaries, not exceeding in extent eleven square leagues, if any surplus over that quantity existed. The United States seek to restrict the confirmation to five square leagues, and base their appeal on the language of the petition upon which the grant was made. It appears from the record that two previous grants had been issued for land situated within a tract known as the “Sancho of Old and New San Jacinto,” and that a surplus still remained. For this surplus the petition was presented, and to the description of the land which it gives, these words are added: “the extent of which is about five leagues, more or less.” It is upon these words, as showing that the petition was only for five leagues, that the counsel of the government rely. But it is evident that they constitute a mere conjectural estimate *316 of the extent of the surplus. The petition is for the grant of a specific tract, not for any particular quantity. The report of the prefect, to whom the petition was in the first instance presented, to be forwarded to the governor, describes the land “ as that remaining vacant from the Old and New San Jacinto,” and does not mention its extent. The concession of the governor declares to the claimant, “ the property in fee of the land'remaining in Old and New San Jacinto,” and .does not designate any quantity. The formal grant issued recites that the claimant has solicited “ the overplus land resulting from the rancho of Old and New San Jacinto,” and the third condition annexed describes the land “ of which donation is made,” in similar terms.
It is clear upon the face of the papers that the original concession and formal grant were for the entire surplus remaining within the designated boundaries, subject only to the limitation imposed by the colonization law of 1824, upon the power of the governor. As he could only cede to the extent of eleven square leagues, the grant could only convey that quantity whatever the amount of the overplus.
The case of The United States v. Fossat,* and the case of Yontz v. The United States,† have no application. In the Fossat case the grant was in terms restricted to one league, and it provided for the measurement of the quantity granted and the reservation of the surplus. In the case at bar no quantity is named, and the only limitation is that prescribed by the law of 1824. In the Yontz case the grantee expressly confined his application “ to two leagues, more or less,” ac cording to certain designated boundaries. The grant did not mention any quantity, but provided for the measurement of the tract and the reservation of the surplus. The court in deciding the case very justly observed, that if the boundaries were conclusively defined in the grant, no surplus could be thrown off by a survey, and therefore construed the grant in connection with the petition, and held that the two leagues mentioned in the petition were to be surveyed within the larger tract; in this way only was the conditional *317 clause as to measurement and surplus made consistent with the previous language of the grant. The case at bar is entirely dissimilar. Here the grant mentions no quantity, and reserves no surplus, but on the contrary the third condition expressly requires the magistrate who gives possession to advise the government of the number of square leagues the tract may contain.
Decree affirmed.

 20 Howard, 413.

 23 Id., 499.